United States District Court
Southern District of Texas
**ENTERED**
April 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT           SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Adava Chukwunonso Oniwon, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-19-3519 |
| | § | |
| United States Citizenship and | § | |
| Immigration Services, | § | |
| Defendant. | § | |

# Memorandum and Recommendation

This case is about delay in the adjudication of Plaintiff's naturalization application. Plaintiff seeks declaratory relief and an order directing the United States Citizenship and Immigration Services (USCIS) to adjudicate her application. USCIS has moved to dismiss Oniwon's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. (D.E. 6.)

The court recommends that Defendant's motion be granted in part and denied in part. The court will enter a separate order requiring the exchange of limited discovery and setting a summary judgment briefing schedule.

## 1. Background Facts and the Naturalization Process

Oniwon, a Lawful Permanent Resident of the United States, applied to become a naturalized citizen on August 28, 2017. (D.E. 1 at 2.) Regulations require the government to investigate Oniwon, perform a criminal background check, and schedule an in-person interview with her. 8 U.S.C. § 1446; 8 C.F.R. §§ 335.1, 335.2. Following the interview, USCIS would have 120 days to grant or deny Oniwon's application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.

USCIS scheduled Oniwon's interview for November 20, 2018, fourteen months after Oniwon applied for naturalization. (D.E. 1-2 at 3.) According to Oniwon, USCIS cancelled her interview "because the file was not at the district office." (D.E. 1 at 2.) Oniwon and her

attorney made several calls and service requests to USCIS regarding the delay in adjudication. (D.E. 1 at 3.) Two years after Oniwon applied and in response to a service request, USCIS stated that it was unable to move forward with Oniwon's application until the required background checks were completed. (D.E. 1-3.) Oniwon has not been interviewed and her application has not been adjudicated. (D.E. 1 at 3.)

Oniwon filed this lawsuit on September 17, 2019, seeking declaratory relief and a judicial order mandating USCIS to adjudicate her naturalization application. She seeks relief under the Declaratory Judgment Act (28 U.S.C. § 2201), the Administrative Procedure Act (APA) (5 U.S.C. §§ 555, 702, 706), and the Mandamus Act (28 U.S.C. § 1361). (D.E. 1.) USCIS has moved to dismiss the suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (D.E. 6.)

### 2. Subject Matter Jurisdiction

#### A. Legal Standard

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The party asserting jurisdiction has the burden to prove the court's subject matter jurisdiction. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To determine a Rule 12(b)(1) motion, the court may rely on the complaint alone, undisputed facts evidenced in the record, and/or the court's resolution of disputed facts. *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). If a Rule 12(b)(1) motion is filed without accompanying evidence,

"allegations in the complaint are taken as true." *Diaz v. Castro*, 122 F. Supp. 3d 603, 607 (S.D. Tex. 2014).

    B.  *Analysis*

        i.  *Declaratory Judgment Act*

Oniwon argues that her Declaratory Judgment Act claim presents a federal question under 28 U.S.C. § 1331. Because the Declaratory Judgment Act "does not provide an independent basis for federal court review," subject matter jurisdiction must come from another independent statute. *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 822 (S.D. Tex. 2008). "A claim under the Declaratory Judgment Act is insufficient to confer federal question jurisdiction under 28 U.S.C. § 1331." *Frye v. Anadarko Petroleum Corp.*, No. 18-20543, 2019 WL 7374806, at *5 (5th Cir. Nov. 4, 2019). Oniwon does not explain how this statute would provide jurisdiction and has not met her burden to prove jurisdiction under the Declaratory Judgment Act. The court recommends that Oniwon's claim under the Declaratory Judgment Act be dismissed for lack of subject matter jurisdiction. *See Sawan*, 589 F. Supp. 2d at 822 (concluding under identical circumstances that the court lacked federal question jurisdiction under the Declaratory Judgment Act).

        ii.  *APA*

Oniwon argues that her APA claim presents a federal question under 28 U.S.C. § 1331. The APA allows individuals to seek judicial remedies if they are adversely affected by "agency action." 5 U.S.C. § 702. The statute does not provide an independent basis for jurisdiction but an action to compel a federal agency action presents a federal question. *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1088 (D. Minn. 2008) ("It is black-letter law that federal courts have jurisdiction under § 1331 over suits against agencies seeking to enforce provisions of the APA."). Oniwon seeks an order under the APA requiring USCIS to perform its statutory and regulatory functions. Thus, on the face of Oniwon's pleadings, she has met her burden to establish subject matter jurisdiction under 28 U.S.C. § 1331. Other courts have found subject matter jurisdiction in factually identical

circumstances. *See, e.g.*, *Sawan*, 589 F. Supp. 2d at 824–25; *Ali*, 575 F. Supp. 2d at 1088.

### iii.    *The Mandamus Act*

Oniwon also asserts that the court has subject matter jurisdiction under the Mandamus Act. (D.E. 1 at 2; D.E. 8 at 4–5.) The Mandamus Act gives federal courts original jurisdiction over actions to compel an agency to perform its duties. 28 U.S.C. § 1361. Oniwon asks the court to compel USCIS to perform its mandatory duty to adjudicate her naturalization application. The court has jurisdiction under this statute because Oniwon's complaint asserts a mandamus action that the court has the power to adjudicate. Thus, on the face of Oniwon's pleading, she has met her burden to establish subject matter jurisdiction under the Mandamus Act. *See Sawan*, 589 F. Supp. 2d at 824–25.

### iv.    *USCIS's jurisdictional arguments*

The government argues that Oniwon is not entitled to relief and therefore the court lacks jurisdiction. "[W]hether a plaintiff is *entitled to relief* is a separate question from whether a court has jurisdiction *to decide* whether a plaintiff is entitled to relief." *Sawan*, 589 F. Supp. 2d at 823 (emphasis in original). "[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 683 (1946); *see Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) ("Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.").

USCIS argues that the court lacks jurisdiction under 8 U.S.C. § 1447(b) because this statute only provides federal jurisdiction following an applicant's naturalization interview. Oniwon agrees that this section does not apply to her situation as she has yet to be interviewed. Oniwon does not ask the court to "determine the matter or remand the matter." Instead, she asks the court to *compel* USCIS to "determine the matter" in the first instance as required by law. The court agrees with both parties that section 1447 does not apply.

4

The court recommends that USCIS's motion under Rule 12(b)(1) be denied in part. The claim under the Declaratory Judgment Act should be dismissed for lack of subject matter jurisdiction.

### 3. *Failure to state a claim*

#### A. *Legal Standard*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts "all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

#### B. *Analysis*

Oniwon asserts that USCIS has unreasonably delayed the adjudication of her naturalization application and asks the court to compel USCIS to adjudicate her application within a reasonable timeframe under the APA and the Mandamus Act.

##### i. *Claim under the APA*

Under the APA, agencies must "proceed to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). Federal courts may compel nondiscretionary agency action that is unlawfully withheld or unreasonably delayed. 5 U.S.C. §706(1); *cf.* 5 U.S.C. § 701(a)(2).

USCIS argues that APA relief is unavailable because the government has no non-discretionary duty to act. Oniwon asserts that USCIS has a duty to adjudicate her naturalization application.

Numerous courts have held, under factually similar circumstances, that USCIS is legally required to adjudicate naturalization applications. *See, e.g.*, *Palamarachouk v. Chertoff*, 568 F. Supp. 2d 460, 467 (D. Del. 2008) ("In reading the regulations, it is clear that there is a non-discretionary duty to adjudicate applications."); *Hamandi v. Chertoff*, 550 F. Supp. 2d 46, 49–50 (D.D.C. 2008) ("As the agency responsible for adjudication of naturalization applications, USCIS has a mandatory, nondiscretionary duty to fulfill this role."); *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007) (finding that the use of mandatory language in the naturalization regulations supports this conclusion); *see also* 8 U.S.C. § 1446(d) ("The employee designated to conduct any such examination *shall* make a determination as to whether the application should be granted or denied.") (emphasis added); 8 C.F.R. § 316.14(a) ("The examination on an application for naturalization *shall* be conducted.") (emphasis added); *Cf. Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 546 (S.D.N.Y. 2008) (finding a duty to adjudicate application for permanent residency); *Sidhu v. Chertoff*, No. 1:07CV1188AWISMS, 2008 WL 540685, at *5 (E.D. Cal. Feb. 25, 2008) (discussing a claim's merits and finding a duty to adjudicate in 12(b)(1) analysis); *Soneji v. Dep't of Homeland Sec.*, 525 F. Supp. 2d 1151, 1156 (N.D. Cal. 2007) (finding a duty to adjudicate application for permanent residency). The court is persuaded that USCIS is legally required to adjudicate naturalization applications. Oniwon has stated a viable cause of action under the APA.

USCIS also argues that APA relief is unavailable because "Congress has not established any meaningful standards" by which USCIS's progress on the naturalization application can be measured. Thus, according to USCIS, without a statutory timeframe, its naturalization application adjudication function is discretionary. Congress has set out a meaningful standard: agencies must "proceed to conclude a matter presented to it" "within a *reasonable* time." 5 U.S.C. § 555(b) (emphasis added).

Oniwon asserts that the thirty-one-month delay in adjudication is unreasonable. She provided facts about her application process and the steps she has taken to move the application forward. Oniwon's

6

complaint contains well-pleaded facts and the court must draw all reasonable inferences in her favor. *See Benfield*, 945 F.3d at 336. Viewing the allegations in Oniwon's favor, the court finds that Oniwon has stated a plausible cause of action.

USCIS does not argue that the delay on Oniwon's application is reasonable or provide any facts from which the court could evaluate the reasonableness of its actions. USCIS does not provide information about normal processing times or give any insight as to what its local office views as a reasonable delay. USCIS does not provide any details to explain why, after Oniwon's interview was initially scheduled for November 20, 2018, it was never rescheduled. USCIS has not provided any facts to show that it has followed its own rules and regulations. Instead, USCIS argues that Oniwon failed to provide evidence of an unreasonable delay. (D.E. 6 at 13.) The court disagrees. Oniwon's application has been pending for thirty-one months. Absent any explanation for the delay, such a delay is enough to state a cause of action under the APA. *See, e.g.*, *Ali*, 575 F. Supp. 2d at 1094–96 ("[I]n light of CIS's [twenty-seven-month] delay in adjudicating [the plaintiff]'s application and CIS's inability to establish that this delay is, as a matter of law, reasonable, [the plaintiff]'s complaint states a claim under the APA."); *Naseh v. Chertoff*, No. 3:07-CV-1923-M, 2008 WL 11348018, at *6 (N.D. Tex. Apr. 18, 2008) ("Petitioner's allegation that two years is an unreasonable amount of time to perform a name check is at least minimally sufficient to state a claim under the APA and Mandamus Act for a claim of unreasonable delay."); *Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 820–21 (N.D. Tex. 2007) (denying the government's motion to dismiss where the plaintiff sufficiently alleged that the delay of nearly four years in adjudication of status adjustment was unreasonable and the government presented no particularized facts for the court to determine that the delay was reasonable); *Alsharqawi v. Gonzales*, No. 3:06 CV 1165 N, 2007 WL 1346667, at *4 (N.D. Tex. Mar. 14, 2007) (collecting cases).

The court recommends that USCIS's motion to dismiss Oniwon's APA claim under Rule 12(b)(6) be denied.

### ii.    *The Mandamus Act*

The Mandamus Act also allows courts to compel agencies to perform lawful duties. 28 U.S.C. § 1361. "Mandamus relief is available only if a plaintiff establishes (1) a clear right to relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Sawan*, 589 F. Supp. 2d at 822. In cases such as this one, courts have held that relief under the APA and the Mandamus Act are co-extensive and require similar showings. *See, e.g.*, *Valona v. United States Parole Comm'n*, 165 F.3d 508, 510 (7th Cir. 1998) (determining that "the APA [] authorizes district courts to compel agency action . . . without the need of a separate action seeking mandamus"); *Sawan*, 589 F. Supp. 2d at 826 (quoting *Ali*, 575 F. Supp. 2d at 1090) ("Because in immigration-delay cases like this one, the duty to be enforced by way of mandamus is a duty of timeliness established by the APA, there is little reason to consider mandamus claims separately from claims under the APA."); *Palamarachouk*, 568 F. Supp. 2d at 466 ("Most of the courts that have addressed the issue agree that, for purposes of compelling agency action that has been unreasonably delayed, the mandamus statute and the APA are coextensive.").

While the APA and the Mandamus Act might be coextensive, "mandamus is available only if the plaintiff has no other remedy." *Sawan*, 589 F. Supp. 2d at 826. Because the court finds that Oniwon may have a remedy under the APA, mandamus must be denied. The court recommends that Oniwon's claim under the Mandamus Act be dismissed under Rule 12(b)(6).

### 4.  *Conclusion*

The court recommends that Defendant's motion to dismiss (D.E. 6) be GRANTED in part and DENIED in part. Oniwon's claim under the Declaratory Judgment Act should be dismissed for lack of subject matter jurisdiction. Her claim under the Mandamus Act should be dismissed for failure to state a claim upon which relief may be granted. Her claim under the APA should proceed.

The court will enter a separate order setting a conference, ordering the exchange of limited discovery, and setting a summary judgment briefing schedule.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 6, 2020.

Peter Bray
United States Magistrate Judge